IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC B., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:17-CV-0083-G-BK |
| § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
| § | |
| DEFENDANT. § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 29, before the Court is Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, Doc. 28. For the reasons that follow, the motion should be **GRANTED**.

I.     **BACKGROUND**

In January 2017, Plaintiff filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security that denied his claims for disability insurance benefits and supplemental security income under the Social Security Act. Doc. 1. The Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Doc. 18; Doc. 19. Thereafter, the Court awarded Plaintiff attorneys' fees in the amount of $4,290.96 under the Equal Access to Justice Act ("EAJA"). Doc. 27. In November 2018, the Commissioner found Plaintiff disabled and awarded him disability benefits retroactive to December 2011. Doc. 28-1 at 12.

Consistent with counsel's contingency agreement with Plaintiff, the Social Security Administration notified counsel that it withheld $23,270.88 from Plaintiff's past due benefits,

representing 25 percent, as potential payment for his legal fees.  Doc. 28-1 at 17.  Counsel now requests that he be awarded a portion of the withheld amount in attorneys' fees – namely, $20,437.50 − pursuant to Section 406(b) of the Social Security Act, which allows recovery of a contingency fee in such cases.  Doc. 28 at 2-3.  While noting that he has no direct financial stake in the outcome of counsel's request, the Commissioner requests that the Court exercise its discretion to determine whether the fee sought is reasonable.  Doc. 30 at 1, 5.

## II.     APPLICABLE LAW

Under 42 U.S.C. § 406(b), whenever a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled.  Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and section 406(b), "but . . . must refund to the claimant the amount of the smaller fee."  *Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)) (some alterations omitted).  Section 406(b) calls for courts to conduct an independent review of these contingency arrangements to ensure that the attorney for the successful claimant has met their burden of demonstrating that the fee sought is reasonable.  *Gisbrecht*, 535 U.S. at 807.

If the benefits resulting from a contingency fee agreement are disproportionate to the time counsel spent on the case, the fee should be adjusted downward to avoid a windfall for counsel.  *Id.* at 808.  The Court of Appeals for the Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in this context represents a windfall that would warrant a downward adjustment.  *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). However, it has implicitly approved several factors considered by district courts, including "risk

of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citation omitted).

### III. ANALYSIS

Here, the relevant factors weigh in favor of approving Plaintiff's counsel's petition. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits. *See, e.g., Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (Ramirez, J.) (noting that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011). Counsel in this case faced just such a risk because Plaintiff already had lost at all levels of the administrative proceedings.

Additionally, counsel's fee agreement with Plaintiff calls for an award in counsel's favor of 25 percent of Plaintiff's retroactive benefits. Doc. 28-1-3 at 21. There is no suggestion that any fraud or overreaching occurred in this matter as Plaintiff signed the fee agreement, and counsel acted in a timely fashion in litigating the case and achieving a significant victory for his client. *Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the amount of time invested); *Jeter*, 622 F.3d at 382 (stating that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable).

The size of the requested reward, $20,437.50 divided by the 21.8 hours that counsel Ronald D. Honig, expended on the case, leads to a high hourly rate ($937.50), which is 2.5 times

3

higher than his standard hourly rate of $375.00.  Nevertheless, the risk involved in litigating a contingency case of this nature should not be overlooked.  *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall); *see also Richardson v. Colvin*, No. 4:15-CV-0879-BL, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 13, 2018) (Frost, J.) (granting fee petition of the same attorney at the hourly rate of $937.50); *Wilson v. Berryhill*, No. 3:13-CV-1304-N-BH, 2017 WL 1968809, at *2-3 (N.D. Tex. Apr. 7, 2017) (Ramirez, J.) (same), *adopted by* 2017 WL 1956242 (May 11, 2017); *Rivera v. Colvin*, No. 12-CV-1748, 2015 WL 5252111, at *2-3 (N.D. Tex. Aug. 14, 2015) (Horan, J.) (same), *adopted by* 2015 WL 5278416 (N.D. Tex. Sept. 9, 2015) (Fish, J.).  Based on this analysis, the Court concludes that the resulting hourly rate requested here is reasonable.

Additionally, counsel brought to bear more than 40 years of experience in Social Security disability law, dating back to 1975.  Doc. 28 at 4; *Jeter*, 622 F.3d at 382 (noting that courts will consider attorney experience and skill in determining the reasonableness of the fee).  Counsel is a member in good standing of numerous circuit, district, and state courts and served as a staff attorney for the Social Security Administration for 12 years after graduating from law school.  Doc. 28 at 14.  Finally, counsel provided effective and efficient representation in this case, expending 21.8 hours preparing a 14-page single issue opening brief as well as a reply brief.  Doc. 15; Doc. 17; *Jeter*, 622 F.3d at 382 (noting that courts may consider the degree of difficulty of the case in assessing the fee's reasonableness).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, Doc. 28, should be **GRANTED**, and counsel should

4

awarded attorney fees under section 406(b) in the amount of $20,437.50.[1]

**IT IS SO RECOMMENDED** on December 18, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Because the Court previously awarded fees to counsel pursuant to the EAJA, Doc. 27, he must refund the amount of the smaller fee to Plaintiff. *Gisbrecht*, 535 U.S. at 796. Counsel represents that he will directly reimburse Plaintiff the lesser amount. Doc. 28 at 9-10.